IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT ROSS TYSINGER, Jr., )
)
              Petitioner, )
)
v. ) 1:19CV757
)
KENNETH LASSITER, )
)
              Respondent. )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) Respondent has filed an answer (Docket Entry 4), a motion for summary judgment (Docket Entry 5), and a brief supporting that motion (Docket Entry 6). Petitioner, acting *pro se*, filed a response (Docket Entry 8) and a motion to deny the summary judgment motion (Docket Entry 10). This matter is now ready for a ruling.

### Background

On August 19, 2014, Petitioner pled guilty in Randolph County to three counts of obtaining property under false pretenses. (Docket Entry 1 at 77.) His sentence was suspended, and he was placed on probation. (*Id.*) From 2012 through 2014, Petitioner was arrested multiple times for breaking and entering and related larceny offenses in Guilford Country. (*Id.* at 35-43.) He entered into a plea agreement with the State on September 8, 2014, pleading guilty in exchange for three consecutive suspended sentences of eleven to twenty-three months, a split sentence to run concurrently with the split sentence he was then

serving for the Randolph County convictions, and three years of probation. (*Id.* at 50-51.) The agreement stipulated that should Petitioner violate his probation, he would serve his three suspended sentences consecutively. (*Id.*)

In May 2016, Petitioner committed the breaking-and-entering offense that is the subject of the current habeas petition. (*Id.* at 64.) Petitioner again entered a guilty plea to breaking and entering, larceny after breaking and entering, possession of burglary tools, and injury to property on September 27, 2017. (*Id.* at 69-72.) During his plea-acceptance hearing, he stated that he understood the nature and consequences of the plea and made it voluntarily. (*Id.*) His probation from the 2014 convictions was revoked and those sentences activated, as was his probation from the Randolph County sentences. (*Id.* at 99.) He received a sentence of eleven to twenty-three months to run concurrently with the sentences from his revoked probation. (*Id.* at 78.) He agreed to a total maximum sentence of 129 months. (*Id.* at 100.) Petitioner received sentences within the presumptive range under state law and thus did not appeal. (Docket Entry 6 at 3-4.)

Petitioner filed a Motion for Appropriate Relief ("MAR") on April 24, 2019, in the Superior Court of Guilford County. (Docket Entry 6, Ex. 1.) He claimed that his guilty plea was involuntary because he did not understand the terms of his plea agreement and disagreed with his sentence. (*Id.* at 11.) The superior court denied the MAR on June 11, 2019. (Docket Entry 1 at 99-102.) Petitioner then filed a petition for a writ of certiorari with the North Carolina Court of Appeals on June 26, 2019, appealing the superior court's decision. (*Id.* at 34.) After the court of appeals denied his petition on July 17, 2019 (*id.* at 102), Petitioner filed the instant petition in this Court on July 25, 2019. (Docket Entry 1.)

## Petitioner's Grounds

Petitioner raises one ground for relief. He claims that the superior court judge did not adhere to the terms of his 2014 plea agreement. (Docket Entry 1 at 26.) That error, he argues, violated his due-process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution. (*Id.*) He also avers within this ground that his plea was not knowing, voluntary, and intelligent. (*Id.* at 31.)

## Discussion

Respondent argues that Petitioner filed the Section 2254 petition beyond the one-year limitations period imposed by 28 U.S.C. § 2244(d)(1) and requests dismissal of the petition. (Docket Entry 6 at 3-12.) Regarding the one-year statute of limitations that controls habeas-corpus petitions filed under section 2254, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period begins to run from the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

*Green v. Johnson*, 515 F.3d 290, 303-04 (4th Cir. 2008). Respondent argues that subparagraph (A) applies to Petitioner's case and that his conviction became final on the date that judgment was entered against him, September 27, 2017.

Under subparagraph (A), Petitioner's one-year limitations period began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner did not have the right to appeal his guilty plea and sentence under state law. N.C. Gen. Stat. § 15A-1444(a1), (a2). According to the statute, a defendant who pleads guilty to a felony is only entitled to appeal his sentence "if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense," (a1), or results from an error in calculation of prior offense level and offense classification, (a2). *Id.* Because Petitioner's prior offense levels were calculated correctly, and because his sentence range fell within the presumptive guidelines range, he had no right to appeal his conviction or sentence to the North Carolina Court of Appeals.

Under subparagraph (A), a conviction becomes final when the time for seeking direct review has expired. 28 U.S.C. § 2244(d)(1)(A). Whether or not Petitioner had the right under state law to appeal his conviction and sentence, his petition became final fourteen days after judgment was entered against him. *See* N.C.R. App. P. 4(a)(2) (providing that appeal rights expire 14 days after the trial court enters judgment). His federal habeas corpus statute of limitations thus began to run on October 11, 2017. The final day on which he could have filed a timely federal habeas petition was October 11, 2018.

Because Petitioner did not file his state post-conviction MAR until April 24, 2019, well after the limitations period ended, he cannot take advantage of the tolling of the federal limitations period by a properly filed state post-conviction motion. 28 U.S.C. § 2244(d)(2); *see Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999) (state collateral filings generally toll the federal habeas deadline for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)"). Petitioner's time to file in this Court expired before he made any state court filings. Filings made after the limitations period has ended do not revive or restart the period. *Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000). The petition is out of time.

Petitioner argues that this Court should equitably toll his limitations period because he is filing *pro se* and was never advised on the proper filing procedures for federal habeas petitions. (Docket Entry 1 at 13; Docket Entry 11 at 2.) His arguments fail. Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *See Holland v. Florida*, 560 U.S. 631, 648 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner fails to satisfy either of these prongs.

First, ignorance of the one-year deadline is not a basis for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Second, unfamiliarity with the legal process and lack of representation do not constitute grounds for equitable tolling, because they represent ordinary, rather than extraordinary, circumstances for a prisoner. *See id.*; *see also Harris v.*

5

*Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000). Petitioner, therefore has not presented circumstances that would warrant the tolling of the limitations period.

Petitioner does not dispute that he filed his section 2254 petition beyond the one-year limitations period established by federal habeas law. He has not proven that he is eligible for equitable or any other kind of tolling of that period. With no material fact in dispute, Respondent is entitled to judgment as a matter of law. The petition is time-barred and should be dismissed.

## **CONCLUSION**

Petitioner's grounds are time-barred. Neither a hearing, nor discovery, nor the appointment of counsel are warranted.

**IT IS THEREFORE ORDERED** that Petitioner's motion to deny Respondent's motion for summary judgment (Docket Entry 10) is **DENIED**.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion for summary judgment (Docket Entry 5) be **GRANTED**, that the § 2254 petition (Docket Entry 1) be **DISMISSED**, and that Judgment be entered dismissing this action.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

May 14, 2020
Durham, North Carolina